## HOWARD *v.* PORTER.

*Simmons, C. J.*—Where a creditor of a non-resident of this State sued out an attachment and caused an ordinary garnishment to be served upon a resident of this State, and on the trial of an issue formed upon the garnishee's answer it appeared that before the summons of garnishment had been served the defendant in the attachment suit had pledged a note due to him

by the garnishee to another non-resident creditor as collateral
security for a claim less in amount than that due upon the
note:  *Held*, that such garnishment, unaided by any equitable
pleadings, was ineffectual to reach the surplus coming to the
common debtor after satisfying the creditor holding the col-
lateral.                                            *Judgment reversed.*

November 16, 1896.   Argued at the last term.

Attachment and garnishment.   Before Judge Griggs.
Early superior court.   October term, 1895.

The plaintiff sued and obtained judgment against M. L.
McDonald, a resident of Texas, and caused summons of
garnishment to issue and be served on T. M. Howard as
administrator of A. J. McDonald.   The garnishee an-
swered, that defendant had a note against him, on which
he is indebted $200, but he does not know who has said
note or where it is.   On the trial defendant testified:   I
did hold a note against the garnishee, but I transferred it
in July, 1893, to the Bank of Cleburne as collateral secu-
rity for a debt I made with them, and it is there now.   It
is still held and has remained, since said transaction, as
collateral for the original debt for which it was placed
there.   This debt is $100.   I have never paid it, but have
kept the interest paid up to October 17, 1895.   I am sol-
vent, and have other property out of which the bank could
make the money due them by myself.   There is no other
note outstanding of garnishee due me, nor has been since
July, 1893.

The garnishee testified, that he thought the note was
due at the time the bank took it, but was not certain; in
his best judgment $200 was due on the note at the time
the garnishment was served.   Plaintiff admitted that the
garnishee did not receive summons of garnishment until
March, 1894.   The court directed a verdict for the plain-
tiff against the garnishee for $100, with interest on $200
from March 1, 1894, and costs.   The garnishee moved for
a new trial, assigning this ruling as error, and alleging

that the verdict was contrary to law and evidence. The motion was overruled, and he excepted.

*R. H. Sheffield*, for plaintiff in error.

*R. H. Powell & Son*, contra.