No. 4469.    JULY 16, 1925.

---

### COMER BANK *v.* MEADOR-CAUTHORN COMPANY *et al.*

Creditors who received from their debtor, afterward adjudicated a bankrupt, notes in which he assigned and conveyed to them his homestead and exemption in bankruptcy, and directed the trustee in bankruptcy to deliver to them enough exempted money or property to pay the notes, obtained priority over a mortgage, duly recorded, executed on the day of the filing and after the filing of the petition in bankruptcy, and made to secure other notes of that date.

No. 4562.    JULY 16, 1925.

Equitable petition. Before Judge Hodges. Madison superior court. September 13, 1924.

*Stephen C. Upson,* for plaintiff.

*Erwin, Erwin & Nix* and *Z. B. Rogers,* for defendants.

RUSSELL, C. J. On October 11, 1922, W. T. Cook executed a promissory note to the Comer Bank for $5000, which contained a clause of homestead waiver. On April 24, 1923, W. T. Cook executed a promissory note to Meador-Cauthorn Company for $1000. The note contained the clause that "Each of us . . . hereby severally waives and renounces, each for himself and family, any and all homestead or exemption rights either of us, or the

family of either of us, may have under and by virtue of the constitution or laws of this State or any other State of the United States, as against this debt or any renewal thereof; and we especially waive exemptions of all kinds under proceedings in bankruptcy, and authorize any trustee in bankruptcy, upon proof and allowance of this debt, to retain and sell a sufficient [amount] of the property claimed as exempt to pay off the amount so allowed on this debt. . . For and in consideration of the sum of $1.00 and the further consideration of renewing our admitted indebtedness to the payee of this note, I or we jointly and severally transfer, assign, and convey to the owner of this note a sufficient amount of my or our homestead and exemption to pay this note in full, principal and interest, attorney's fees, and costs. I or we hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt." On June 5, 1923, W. T. Cook executed his three promissory notes for $51 each to J. K. Orr Shoe Company, which contained clauses of homestead waiver and transfer of homestead exemption in language identical with that above quoted. On February 13, 1924, W. T. Cook executed to the Comer Bank four notes aggregating the sum of $7050.66. Each of these notes contained a waiver of homestead and exemption. W. T. Cook filed his voluntary petition in bankruptcy, in which he made a claim of exemption amounting to $1600 in specific property, on February 13, 1924. He was adjudicated a bankrupt, and obtained his discharge in bankruptcy on June 28, 1924. On February 13, 1924, but after the petition in bankruptcy had been filed, Cook executed a mortgage to the Comer Bank, a corporation, which declared, "That whereas party of the first part has been adjudged a bankrupt by the District Court of the United States for the Northern District of Georgia, Eastern Division, and in said bankrupt matter in B-5 has claimed an exemption in his stock of goods, consisting of men's and boys' clothing, hats, and shoes, dry goods, notions, etc., and store fixtures, my notes and accounts, now in my store at Comer, Ga., in the amount of $1600, and whereas said party of the first part is indebted to the Comer Bank, as evidenced by his promissory notes, in an aggregate amount of some $12,000: Now, to better secure said indebtedness, he does hereby sell, assign, convey, and transfer all of said exemption prop-

erty together with his rights, title, and interests therein, to said The Comer Bank, hereby creating a mortgage lien on said property and by this assignment of said property transferring to said The Comer Bank his rights, title, and interests in said exemption property, to be held by said assignee and morgagee for the better security of my indebtedness due said party of the second part." The mortgage was duly recorded on the day that it was executed. The trustee in bankruptcy filed a report setting apart an exemption in specific property as claimed in the petition, but by consent of the bankrupt the property was sold for the price of $2150, and from said sum the court of bankruptcy set apart and confirmed as the exempted property the sum of $1600. In the meantime the Comer Bank had instituted an equitable suit in the State court upon its claim of lien, to have the exempted property applied to the payment of its debt. A receiver was appointed, who received from the trustee in bankruptcy the amount of cash which had been set apart as an exemption in the court of bankruptcy. The Meador-Cauthorn Company, the J. K. Orr Shoe Company, and other creditors filed interventions in the equity suit, seeking to have the sum applied to their claims according to the priority of their demands. The case was tried by the judge without a jury, upon an agreed statement of facts. Judgment was rendered, holding in effect that the Meador-Cauthorn Company and the J. K. Orr Shoe Company had acquired valid transfers of the property, and that such transfers were senior in point of time to the mortgage of the Comer Bank, and consequently held that the claims of both of these intervenors had priority over the claim of the Comer Bank. On the foregoing facts we hold as follows:

1. Whatever lien the intervenors had was not affected by the sale of the exempted property, but it was transferred from that property to the proceeds of the sale. *McBride* v. *Gibbs,* 148 *Ga.* 380 (96 S. E. 1004).

2. The notes of the intervenors effected a transfer of the interest of the bankrupt in the money set apart to him as a homestead exemption (*Saul* v. *Bowers,* 155 *Ga.* 450), and, although not recorded, obtained a priority over the junior deed to the Comer Bank, although it was duly recorded. *Bank of Donalsonville* v. *Frank,* 159 *Ga.* 846 (126 S. E. 832).

3. Applying the principles stated above, the trial judge did not err in ordering the fund paid first to the intervenors and any balance to the Comer Bank.

*Judgment affirmed. · All the Justices concur.*

BECK, P. J., concurring. In view of the ruling made in the case *Saul* v. *Bowers,* 155 *Ga.* 450, to which I afterwards agreed in the case of *Bank of Donalsonville* v. *Frank,* 159 *Ga.* 848, I concur in the judgment.