*H. H. Elders,* for plaintiffs in error.    *H. C. Beasley,* contra.

George D. Witt Shoe Company *v.* Comer Bank *et al.*

Under the ruling in *Comer Bank* v. *Meador-Cauthorn Co.*, ante, 717, the plaintiff in error was entitled to priority as a creditor over the later mortgage executed by the bankrupt.

No. 4578. August 14, 1925.

Equitable petition. Before Judge Hodges. Madison superior court. September 13, 1924.

*Z. B. Rogers,* for plaintiff in error.

*S. C. Upson* and *Erwin, Erwin & Nix,* contra.

ATKINSON, J. 1. In the case of *Comer Bank* ·v. *Meador-Cauthorn Co.,* 160 *Ga.* 717 (128 S. E. 785), it was held: "Creditors who received from their debtor, afterward adjudicated a bankrupt, notes in which he assigned and conveyed to them his homestead and exemption in bankruptcy, and directed the trustee in bankruptcy to deliver to them enough exempted money or property to pay the notes, obtained priority over a mortgage, duly recorded, executed on the day of the filing and after the filing of the petition in bankruptcy, and made to secure other notes of that date." Upon the principles stated this court affirmed the judgment of the trial court in which preferences were granted to the J. K. Orr Shoe Company and the Meador-Cauthorn Company, according to the priority of date of the transfers to them respectively, over the mortgage held by the Comer Bank; but the balance of the fund remaining after such preferred claims were satisfied was ordered paid to the Comer Bank. The George D. Witt Shoe Company was also an intervenor whose claim for priority was similar to the claims of J. K. Orr Shoe Company and the Meador-Cauthorn Company and junior thereto, but was senior to the mortgage executed to the Comer Bank. The judgment of the trial court omitted any specific reference to the intervention of the George D. Witt Shoe Company, and that company excepted on the ground that under the pleadings and the agreed statement of facts it should also have been given a preference over the Comer Bank.

Under the principles ruled by this court as stated above, affirming the judgment of the trial court, the George D. Witt Shoe Company was also entitled to a preference over the Comer Bank, and the judgment of the trial court was erroneous in so far as it omitted to grant such preference. Accordingly, in so far as there was an omission to give a preference to the claim of the George D. Witt Shoe Company over the Comer Bank, the judgment of the trial court is reversed.

*Judgment reversed. All the Justices concur.*