SILVER & GOLDSTEIN *et al. v.* RIDLEY-YATES COMPANY *et al.*

HILL, J. 1. "No special form of words is necessary to make an assignment of a chose in action. Any language, however informal, if it shows the intention of the owner of the chose in action to at once transfer it, so that it will be the property of the transferee, will be sufficient to

4

vest the title in the assignee." *Southern Mutual Life Ins. Asso.* v. *Durdin,* 132 *Ga.* 495 (64 S. E. 264, 131 Am. St. R. 210).

(*a*) Under the requirements of this rule a clause in a promissory note, "Each of us, whether principal, security, guarantor, endorser or otherwise, hereby severally waives for himself and family any and all homestead or exemption rights he or they may have under the laws of this or any other State; and we especially waive exemption of all kinds under proceedings in bankruptcy courts of the United States, and authorize any trustee in bankruptcy, upon proof and allowance of this claim, to retain and sell ·sufficient of the property claimed as exempt, to pay amount allowed on this debt," was not a sufficient assignment. It did not relate to a particular subject-matter to which the debtor then had title and which he could then assign, nor does it show an attempt on the part of the debtor "to at once transfer" any right or title belonging to him.

(*b*) The language held to be sufficient in the case of *Southern Mutual Life Insurance Asso.* v. *Durdin,* supra, applied to a different matter, and was different from the above-quoted language.

(*c*) In *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86), and *Comer Bank* v. *Meador-Cauthorn Co.,* 160 *Ga.* 717 (128 S. E. 785), the papers held to have been sufficient contained the language "transfer, assign, and convey," and consequently were also different from the language involved in the present case.

2. The trial judge did not err in holding void the alleged assignments in the notes held by the intervenors, and in refusing to allow the intervenors to participate in the funds in the hands of the receiver, and in ordering the money, after payment of the expenses of litigation, applied to the claim of Ridley-Yates Company.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

No. 6101. FEBRUARY 20, 1928. REHEARING DENIED MARCH 3, 1928.

Equitable petition. Before Judge Stark. Jackson superior court. May 20, 1927.

*Wolver M. Smith* and *Horace & Frank Holden,* for plaintiffs.

*Pemberton Cooley,* for defendants.

HINES, J. I dissent from the judgment of the majority of the court, based upon the insufficiency of the language of the waiver of homestead in the note to transfer to the creditor the homestead exemption set apart to the maker of the note in the bankrupt court. I agree with the ruling quoted from *Southern Mutual &c. Asso.* v. *Durdin.* We have held that the assignment of the homestead exemption is valid though made prior to the time the exemption was set aside. *Saul* v. *Bowers,* supra. "The homestead right is a right in property, and to waive it in favor of a creditor is substantially

the same thing as to convey it away." *Tribble* v. *Anderson,* 63 *Ga.* 31, 55. But we have in this case more than a mere waiver of the homestead exemption. In the written waiver the trustee in bankruptcy is directed to apply enough of the exemption to discharge the note. This in effect is a transfer of the exemption to the creditor. The Chief Justice joins in this dissent.