MACON NATIONAL BANK *v.* SMITH.

No. 7385. April 15, 1930.

*Hall, Grice & Bloch* and *Ryals, Anderson & Anderson,* for plaintiff in error.

*R. D. Feagin,* contra.

ATKINSON, J. ■ In *McGregor* v. *Battle,* 128 *Ga.* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185), it was held: "When money is placed in a bank on general deposit, the title to the money immediately passes to the bank, and the relation of debtor and creditor is created between the bank and the depositor. The moment the deposit is made, the credit of the banker is substituted for the money." In *Ricks* v. *Broyles,* 78 *Ga.* 610 (4) (3 S. E. 772, 6 Am. St. R. 280), it was held that "A general deposit is a loan, and transforms the funds from ready money into a chose in action." The principle thus stated has been frequently recognized. *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 254 (3) 259 (22 S. E. 1001); *Davenport* v. *State Banking Co.,* 126 *Ga.* 136, 145 (54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. R. 68, 7 Ann. Cas. 1000); *Oconee County Bank* v. *Marshall,* 159 *Ga.* 515 (2) 519 (126 S. E. 369); *Cato* v. *Mixon,* 165 *Ga.* 245, 249 (140 S. E. 376); *Blalock* v. *State,* 166 *Ga.* 465, 474 (143 S. E. 426); *Citizens Bank of Waynesboro* v. *Mobley,* 166 *Ga.* 543, 548 (144 S. E. 119, 58 A. L. R. 1383). In the case of *Fulton County* v. *Wright,* 146 *Ga.* 447, 452 (91 S. E. 487), involving taxability of the bank account of a railroad company, it was said: "When the money was placed on general deposit in the banks, the title to the money passed to the banks, and it ceased to be the money of the railroad, and the right of the railroad to the amount deposited became a chose in action." Another principle of law is that all choses in action arising upon contract may be assigned in writing so as to vest the title in the assignee. Civil Code, § 3653; *Turk* v. *Cook,* 63 *Ga.* 681; *Planters Bank* v. *Prater,* 64 *Ga.* 613; *Baer* v *English,* 84 *Ga.* 403-407 (11 S. E. 453, 20 Am. St. R. 372); *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (25 S. E. 575); *Steele* v. *Gatlin,* 115 *Ga.* 929 (42 S. E. 253, 59 L. R. A. 129). In *Sprouse* v. *Skinner,* 155 *Ga.* 119, 122 (116 S. E. 606), the rule was applied where the transfer of the chose in action was as collateral security for a debt. The case of *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86), involved a transaction in which Bowers executed a promissory note to J. Saul for a stated amount, which contained a clause whereby the maker purported to "transfer, assign, and convey to the owner of this note a sufficient

amount of my . . homestead and exemption to pay this note in full, principal and interest, attorney's fees, and costs. I . . hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt." Subsequently to the execution of the note Bowers filed a voluntary petition in bankruptcy, in which he prayed that the referee in bankruptcy should set aside property to him as being exempt under the homestead laws of this State. After specific property was set aside to him as exempt, Bowers transferred the specific property so set apart to S. E. Vandiver. In a contest between Saul and Vandiver this court held, in effect (a) that the language above quoted from the note executed by Bowers was "sufficient to transfer and assign the right, title, and interest" of Bowers "to whatever homestead and exemption right [Bowers] may have under the laws of this State," and (b) that Saul was entitled to the proceeds of the specific property set apart as exempt, as against Vandiver.

The ruling in that case has been followed as a precedent in *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692) ; *Bank of Donalsonville* v. *Frank,* 159 *Ga.* 846 (126 S. E. 832) ; *Comer Bank* v. *Meador-Caulhorn Co.,* 160 *Ga.* 717 (128 S. E. 785) ; *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (4) (138 S. E. 223). The case was distinguished in *Silver* v. *Ridley-Yates Co.,* 166 *Ga.* 49 (1c) (142 S. E. 279). The foregoing principles are applicable to the instant case. The note of the General Sprayer Company to the Macon National Bank contained the clause: "Each of us further agrees that any and all deposits due by said bank to either of us may at all times be considered by said bank as collateral to this loan, and may be applied at any time by said bank in whole or part payment of this loan." This was a sufficient assignment of the chose in action as collateral security for the debt evidenced by the note. It was a good assignment as collateral security of all right of the company as creditor of the bank, existing by reason of the deposit account, as it was and as it may appear on the books of the bank, from day to day and "at all times" until the note shall be paid. The interest of the bank as transferee of the deposit account vested at the date of the note, October 22, 1927, prior to summons of garnishment on December 8, 1927, and therefore was entitled to preference, as

against Smith, the garnishing creditor, relatively to the amount on deposit ($1456.64) on the date of service of the summons of garnishment. It may be remarked that the garnishing creditor did not acquire a better status with reference to this fund as against the bank than the company occupied. Upon this point see *Haas* v. *Old National Bank*, 91 *Ga.* 307 (18 S. E. 188) ; *Fidelity & Deposit Co.* v. *Exchange Bank*, 100 *Ga.* 619 (28 S. E. 393).

■ The payment of the principal note occurred January 23, three days after maturity of that paper. The summons of garnishment had been served prior to maturity of the paper. Notwithstanding pendency of the garnishment the bank, before filing its answer to the summons of garnishment, upon payment of the principal note turned over to the defendant all of the uncollected notes that had been pledged to it by the defendant as additional collateral security for the principal note, and did not mention such return of collaterals in its answer to the summons of garnishment. The amount found for the plaintiff seems to refer exclusively to the bank deposit dealt with in the first division, and not to have been based on return of the collateral notes. But if it were otherwise, these notes while so held as collateral security were not subject to garnishment at the instance of the plaintiff, under the Civil Code, § 5296, which declares: "Collateral securities in the hands of a creditor shall not be the subject of garnishment at the instance of other creditors." *Hall* v. *Page*, 4 *Ga.* 428 (48 Am. D. 235). If, after payment of the principal note for which they were pledged as collateral security, the notes could be reached while in the hands of the bank by the garnishing creditor as a surplus of collateral remaining after discharge of the principal debt, they could not be so reached by the ordinary statutory summons of garnishment employed in this case. *Howard* v. *Porter*, 99 *Ga.* 649 (27 S. E. 725). In the case cited there was an attempt to reach the surplus of a note that before service of "an ordinary garnishment upon the maker" had been assigned by the payee as collateral security for a debt. It was held that "such garnishment, unaided by any equitable pleadings, was ineffectual to reach the surplus coming to the common debtor after satisfying the creditor holding the collateral." In the state of the record as set forth in the statement of facts there was no basis for a judgment against the bank as garnishee on account of returning the collateral securities to the common debtor.

■ Upon application of the foregoing rulings to the case as presented by the record in this Court, the Court of Appeals erred in affirming the judgment of the trial court against the garnishee.
*Judgment reversed. All the Justices concur.*