**TRUST COMPANY OF COLUMBUS,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 83–21–COL.**

United States District Court,
M.D. Georgia,
Columbus Division.

June 6, 1983.

Cecil M. Cheves, of Page, Scrantom, Harris, McGlamry & Chapman, P.C., Columbus, Ga., for plaintiff.

Victoria J. Sherlock, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

ELLIOTT, District Judge.

In this civil action Plaintiff, a banking corporation with its principal place of business in Columbus, Georgia, seeks to recover the amounts it paid to Defendant, the United States of America, pursuant to a Notice of Levy served upon Plaintiff by the Internal Revenue Service. The amounts involved were deposited with Plaintiff by a customer who was delinquent in paying federal FICA, withholding and unemployment taxes. Plaintiff asserts that Defendant's levy was wrongful because it extinguished Plaintiff's senior lien on the amounts on deposit with it.

Jurisdiction is predicated upon 26 U.S.C. § 7426 and 28 U.S.C. § 1346(e). This matter is currently before the Court on cross motions for summary judgment. Both parties agree that no dispute exists with respect to any material fact involved in this action.

Plaintiff, Trust Company of Columbus [hereinafter referred to as "the bank"], is a banking corporation which in the normal course of its business makes loans to individuals and corporations. Between September 3, 1980 and February 9, 1982 the bank made four separate loans to one of its customers, Spain & Associates, Inc. [hereinafter referred to as "Spain"]. The aggregate amount of these loans was $112,680.00. Each time Spain borrowed money from the bank it executed a promissory note in the bank's favor. Each promissory note contained the following language:

> The term "collateral" as used herein shall mean the following property which has been or is hereby delivered, pledged, assigned, conveyed and transferred to the holder . . . together with all other property of every kind and description *including accounts, monies and deposits* now or hereafter in possession or control of Holder . . .

> The undersigned agrees that the Holder shall have a lien upon, security title to and a security interest in the Collateral to secure the payment of this Note . . . (Emphasis added).

By November, 1982 Spain was in default on payment of each of the four promissory notes and was indebted to the bank in an amount in excess of $95,000.00. Spain was likewise in default on payment of federal FICA, withholding and unemployment taxes. Therefore, on November 9, 1982 and December 10, 1982, Defendant filed its Notice of Tax Lien in Muscogee County, Georgia, the county in which both the bank and Spain are located.

Spain had two general deposit accounts with the Plaintiff bank. On November 8, 1982 the bank received a Notice of Levy from the Internal Revenue Service requesting that the bank turn over to the IRS any funds belonging to Spain. On November 10, 1982 the bank released $4,148.05 to the IRS, that being the balance in one of Spain's general deposit accounts. On December 2, 1982 the bank, after receiving a Notice of Final Demand for Payment from the IRS, released $17,990.62 to the IRS, that

being the amount then remaining in Spain's second general deposit account.

The bank wrote several letters to the IRS requesting that it release its levy on the Spain accounts and refund the amounts which had been forwarded by the bank. The bank asserted that the IRS levy was wrongful because it extinguished the bank's lien on the Spain accounts, given by virtue of the above-quoted language in the promissory notes. When a month passed without any reply having been received by the bank from the IRS, the bank instituted this action to recover the amounts levied upon by Defendant, together with interest, costs and reasonable attorney's fees.

The position of the bank is that Spain gave it a security interest in its general deposit accounts in each of the four promissory notes, that the bank's security interest arose prior to Defendant's tax lien, and that the bank's lien was, therefore, entitled to priority over Defendant's tax lien and resulting levy. The Defendant argues that the bank had no lien upon the Spain accounts, that it had merely an equitable right of setoff which it did not exercise, and that Defendant's levy was, therefore, proper.

■ The validity of the lien asserted by the bank and its priority over Defendant's tax lien appear to be questions of first impression in this district. Initially it should be noted that Plaintiff has followed the procedural requirements necessary to maintain this action. It did not refuse to honor the IRS levy; rather, it released the levied-upon funds to the IRS and then instituted this action for their recovery. As held by the United States Court of Appeals for the Sixth Circuit:

> The appropriate remedy for one . . . upon whom a notice of levy has been served which he believes to be wrongful, is to surrender the property and bring an action against the government pursuant to Internal Revenue Code § 7426. Such a lawsuit is the appropriate vehicle for one other than a taxpayer who wishes to contest the propriety of a levy on property in which he claims an interest.

*United States v. Weintraub,* 613 F.2d 612, 622 (6 Cir.1979), *cert. den.* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); *accord, United States v. Citizens & Southern National Bank,* 538 F.2d 1101 (5 Cir.1976), *cert. den.* 430 U.S. 945, 97 S.Ct. 1579, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977); *Broday v. United States,* 455 F.2d 1097 (5 Cir.1972).

■ Turning to the substantive issues at hand, 26 U.S.C. § 7426(a)(1) provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

The regulations promulgated under this code section provide that a levy is wrongful if it "will or does effectively destroy or otherwise irreparably injure such person's interest in the property which is *senior* to the Federal tax lien". IRC Reg. § 301.-7426–1–(b)(iv)(d). (Emphasis added). Because the balances in the Spain accounts were extinguished by Defendant's levy, the levy was wrongful with respect to any party who had an interest in the accounts which was *senior* to the federal tax lien. 26 U.S.C. § 7426. Security interests acquired by third parties prior to the time when notice of a tax lien is filed by the IRS are *senior* to a federal tax lien. 26 U.S.C. § 6323(a).

■ In this case the Plaintiff-bank asserts that it had a security interest in the property levied upon by Defendant, that its security interest arose prior to the filing of the notice of tax lien, and that its security interest was therefore senior to Defendant's tax lien. Certainly it is true that the promissory notes containing the language which purportedly granted the bank a security interest in the Spain accounts were signed *before* Defendant filed its notice of tax lien. However, whether the "security interest" created by the promissory notes is one which may defeat a federal tax lien is a question which can be resolved only by ap-

plicable federal law. For federal purposes a security interest is defined as:

> [A]ny interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

26 U.S.C. § 6323(h)(1).

█ The security interest asserted by the bank is one acquired in property (Spain's interest in its deposit accounts), pursuant to contract (the promissory notes), to secure payment of an obligation (Spain's obligation to repay the amount of the loans with interest). The bank has clearly parted with money (the amounts loaned to Spain) in exchange for the security interests it received in Spain's deposit accounts.

The next question to be resolved in determining whether the bank's security interest is senior to Defendant's tax lien is whether the bank's interest had "become protected under local law against a subsequent judgment lien arising out of an unsecured obligation". 26 U.S.C. § 6323(h)(1). Under Georgia law the bank's security interest would enjoy a protected and preferred status vis-a-vis a subsequent judgment lien arising out of an unsecured obligation. *Macon National Bank v. Smith,* 170 Ga. 332, 153 S.E. 4 (1930); *Georgia Bank & Trust Co. v. Hadarits,* 221 Ga. 125, 143 S.E.2d 627 (1965); *Copeland v. Peachtree Bank & Trust Company,* 150 Ga.App. 262, 257 S.E.2d 353 (1979).

The case of *Macon National Bank, supra,* is quite similar to the instant case. A customer had executed a promissory note in favor of his bank and therein had granted the bank a security interest in his general deposit account as collateral to secure repayment of the loan. After the security interest had been granted, but prior to the maturity date of the note, a creditor of the customer served a summons of garnishment on the bank with respect to the customer's funds on deposit with the bank. 170 Ga. at 333–34, 153 S.E. 4. The Supreme Court of Georgia held that the bank's interest vested at the time the customer executed the promissory note, which was prior to the date of service of the summons of garnishment, and that the bank's interest therefore was entitled to preference with respect to any amount on deposit on the date of service of the summons of garnishment. 170 Ga. at 338–39, 153 S.E. 4.

█ The security interest asserted by the Plaintiff bank herein meets the definition set forth in 26 U.S.C. § 6323(h)(1). It arose prior to the date on which Defendant filed its notice of tax lien and, therefore, is considered to be senior to Defendant's tax lien under 26 U.S.C. § 6323(a). The property in which the bank has a senior interest was extinguished by Defendant's levy; the levy was therefore wrongful with respect to the Plaintiff bank. 26 U.S.C. § 7426.

Accordingly, the Plaintiff's motion for summary judgment in this case must be, and is hereby, granted. Judgment will be entered in favor of Plaintiff in the amount of $22,138.67, plus interest as provided in 26 U.S.C. § 7426(g), plus costs.