**TRUST COMPANY OF COLUMBUS,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 83–8601.

United States Court of Appeals,
Eleventh Circuit.

June 29, 1984.

Glenn L. Archer, Jr., Michael L. Paup,
Appellate Sec., Carleton D. Powell, Murray

S. Horwitz, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff-appellee.

Cecil M. Cheves, Helene G. Bradley, Columbus, Ga., for defendant-appellant.

Before HILL and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

This is an appeal from the judgment of the United States District Court for the Middle District of Georgia awarding the proceeds of two disputed bank accounts to the appellee, Trust Company of Columbus (Trust Company). The district court determined that a taxpayer's execution of several promissory notes, each containing a clause securing its bank accounts as collateral for loans, created a valid security interest in the funds remaining in the accounts that was superior to a later-imposed, federal tax lien. Finding no error, we affirm.

The taxpayer, Spain & Associates (Spain), maintained two general deposit accounts at the Trust Company. From September of 1980 until February of 1982, the Trust Company made four separate loans to Spain totaling approximately $112,000.00. Each loan was secured by a promissory note which provided in pertinent part:

> The term "Collateral" ... shall mean the following property which has been or is hereby delivered, pledged, assigned, conveyed and transferred to the holder ... together with all other property of every kind and description including accounts, monies and deposits now or hereafter in possession or control of [the bank] ....
>
> The [debtor] agrees that [the bank] shall have a lien upon, security title to and a security interest in the Collateral to secure payment of this Note ....

Record at 17–20.

By November of 1982, Spain had defaulted on all four notes, leaving an unpaid balance of over $95,000.00. Spain also was in arrears to the government on certain back taxes totaling over $50,000.00. Consequently, on November 8, 1982, the Internal Revenue Service (IRS) served a Notice of Levy on the bank and then filed tax liens in Muscogee County, the county in which both Spain and the Trust Company were located.

In response to the notice of levy, the Trust Company forwarded two checks to the IRS totaling approximately $22,000.00, the aggregate amount of Spain's two bank accounts. Subsequently, asserting a prior claim to the funds, the Trust Company wrote to the IRS requesting the return of the money. After receiving no reply, the bank filed this suit for wrongful levy. 26 U.S.C. § 7426.

The cause was submitted to the court on stipulated facts and cross motions for summary judgment. The district court held that the promissory notes created a valid, superior security interest in the bank and ordered the IRS to return the funds. After entry of the judgment, the government filed this appeal contending that the bank did not have a security interest in the deposits but only an equitable right of set-off which is inferior to a federal tax levy.

The only remedy available to a taxpayer who possesses an interest in property upon which the government has levied is a civil suit to regain the property. 26 U.S.C. § 7426(a)(1). A levy is wrongful if it "will or does effectively destroy ... [an] interest in the property which is *senior* to the federal tax lien." IRC Reg. § 301.-7426–1–(b)(iv)(d) (emphasis added). A security interest that arose prior to the filing of notice of a tax lien is senior to that lien. 26 U.S.C. § 6323(a). Therefore, if the bank had a senior security interest in the funds, it would prevail over the government's levy.

The Code defines a security interest as:

> any interest in property acquired by contract for the purpose of securing pay-

ment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

26 U.S.C. § 6323(h)(1).

The district court found that the execution of the promissory notes here fell within this statutory definition since the bank parted with money and received the notes as security for the loan. Because we agree with this conclusion, the only question remaining for resolution is whether the interest created by the notes was protected under local law. Consequently, we look to Georgia law for the answer.

■ Under Georgia law, when money is deposited in a bank, title to the funds passes to the bank and the money becomes a chose in action in favor of the depositor. *See Macon National Bank v. Smith,* 170 Ga. 332, 153 S.E. 4 (1930). The cases make clear that such choses in action are readily assignable to the bank as security for a debt. *See Georgia Bank & Trust Co. v. Hadarits,* 221 Ga. 125, 143 S.E.2d 627 (1965); *Macon National Bank v. Smith,* 170 Ga. 332, 153 S.E. 4 (1930); *Copeland v. Peachtree Bank & Trust Co.,* 150 Ga.App. 262, 257 S.E.2d 353 (1979). Upon such an assignment, the bank obtains a preference to or lien on the account which vests upon the signing of the note. *See Macon National Bank v. Smith,* 170 Ga. at 338, 153 S.E. at 7.

■ The facts are clear that Spain signed the promissory notes well in advance of the government's notice of a tax levy. Accordingly, the promissory notes created a valid and senior security interest in the bank which was wrongfully defeated by the government tax levy.

As a final matter, we note the government's misplaced reliance on the decision in *United States v. Citizens & Southern National Bank,* 538 F.2d 1101 (5th Cir.1976),[1] *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977). Being factually dissimilar, *Citizens & Southern* is not controlling here. Moreover, a close reading of that case tends strongly to favor the position of the bank and not the government.

Contrary to the government's assertion, *Citizens & Southern* does not affirm the government's right to keep the levied funds but merely confirms the procedural right of the government to levy on them. The *Citizens & Southern* decision does not furnish guidance on the substantive question of entitlement to the disputed funds but merely dictates the correct procedure to be followed when contesting a notice of levy.

Unlike the present case in which the Trust Company turned over the proceeds of the bank accounts and then sued for their return, the Citizens and Southern National Bank, when faced with a seemingly improper levy, simply refused to remit the money. The *Citizens & Southern* court ultimately upheld the right of the government to levy on the funds. However, this decision is not instructive in the present controversy for its final result but rather the predicate conclusions on which the holding is based.

■ In reaching its decision, the court in *Citizens & Southern* reiterated the position taken under Georgia law that depositors retain property rights in their bank accounts. *Id.* at 1107. Where some "rights to property remained in the depositors ... the issue between the parties is one of priority of liens." *Id.* at 1106. Because a prior lien is not a defense to a federal tax levy, *id.,* the proper procedure in contesting a levy is to surrender the funds and then litigate the priority of liens. *Id.* This is precisely what the Trust Company did here. Therefore, its actions were procedurally correct. Because, as stated before, a valid lien arose at the time the

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

promissory notes were executed and the execution date was prior to the government's notice of levy, the bank's lien was first in time and superior to that of the government.

The judgment of the district court is AFFIRMED.