**TRUST COMPANY OF COLUMBUS, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 85–8036.**

United States Court of Appeals, Eleventh Circuit.

Nov. 14, 1985.

---

Carleton D. Powell, Tax Div., Dept. of Justice, Murray S. Horwitz, Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Steven Shapiro, Washington, D.C., for defendant-appellant.

Cecil M. Cheves, Columbus, Ga., for plaintiff-appellee.

---

* Honorable Edward Dumbauld, U.S. District Judge of the Western District of Pennsylvania, sitting by designation.

1. This provision was added by § 204(a) of the Act of October 21, 1980, 94 Stat. 2328, and reads as follows: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses, in addition to any costs ... in any civil action (other than cases sounding in tort) brought by or against the United States ... *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust". [Italics supplied]. The term "fees" is defined by 28 U.S.C. 2412(d)(2)(A) as including "reasonable attorney fees" based upon "prevailing market rates" ordinarily not "in excess of $75 per hour".

By § 2(b) of Public Law 99–80, Act of August 5, 1985, 99 Stat. 184–85 clarifying amendments were adopted to assist in determining when the position of the United States is justified.

At the end of § 2412(d)(1)(B) was added: "Whether or not the position of the United

Before RONEY and FAY, Circuit Judges, and DUMBAULD *, District Judge.

DUMBAULD, District Judge:

This is one of the many cases where the Government contests an award of attorneys' fees under the Equal Access to Justice Act claiming that "the position of the United States was substantially justified." 28 U.S.C. 2412(d)(1)(A).[1] Appellee Trust Company of Columbus (hereinafter called the bank) was awarded $7,792.00 by the District Court's judgment of November 16, 1984. We find no abuse of discretion and affirm.

The instant suit had been brought by the bank under 26 U.S.C. 7426 to recover money wrongfully collected by the IRS as the result of levies under 26 U.S.C. 6331 upon bank accounts of a depositor, Spang & Associates, Inc., for unpaid taxes. The taxpayer also owed the bank on loans, the notes evidencing which pledged as collateral the accounts in the bank. The bank claimed under Georgia law a lien on the bank accounts which arose prior to and was superior to the tax lien, even though no set-off had been made. In the course of litigation the bank's position was upheld by the District Court and then, upon appeal, by this Court.[2] Clearly, the bank is a pre-

States was justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."

Likewise § 2412(d)(2)(D) was added, stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings."

By Section 7 of the Act of August 5, 1985, the amendments contained in it apply to cases pending on that date. The same result is dictated by *The Peggy,* 1 Cranch 103, 109–10, 2 L.Ed. 49 (1801).

2. *Trust Co. of Columbus v. U.S.,* 565 F.Supp. 61, 63–64 (M.D.Ga., Columbus Div.1983); aff'd 735 F.2d 447, 449 (11th Cir.1984).

vailing party, having won a complete victory in both courts.

The case at bar deals only with the question of the award of attorneys' fees to the bank as prevailing party. On this issue the District Court wrote a thorough opinion applying carefully the guidelines specified in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974).

The District Court's opinion in fact applied the criteria set forth in the recent amendments to 28 U.S.C. 2412 by the Act of August 5, 1985.[3] In addition to discussing and applying the *Johnson* factors, the court reviewed the conduct of the IRS prior to the bank's filing suit which indeed left the bank with no alternative save to seek judicial relief.

The opinion shows that after the levy the bank endeavored to explain to the IRS the priority of its lien over the tax lien. The bank also wrote letters requesting the lifting of the levy, and enumerated the Georgia law supporting its position. (The Georgia cases upholding the bank's position are set forth by this Court on the prior appeal at 735 F.2d at 449, and date back at least to 1930.)

> As stated in the District Court's opinion: "It appears that the Defendant did not reply to Plaintiff's written explanation, leaving Plaintiff no recourse but to file suit in this Court seeking a return of the monies the Defendant seized from the bank accounts in question.... This is exactly what the Plaintiff had to do because of the Defendant's nonresponsive position."

Even the case continually cited by appellant in support of its defense of no set-off was viewed by this Court as "factually dissimilar" to the case at bar and not con-

trolling. Indeed, on the prior appeal we used even stronger language and pointed out that a careful reading of that case "tends strongly to favor the position of the bank and not the government." (735 F.2d at 449).

The District Court was thus well warranted in finding that the government's position was not so "substantially justified"[4] as to deprive the bank of its statutory right as prevailing party to its attorney fees. There was no abuse of discretion by the court in making this determination. Accordingly, the judgment of the District Court is

AFFIRMED.

---

**3.** See the language quoted in note 1, *supra.*

**4.** Appellant's makeweight argument that "special circumstances" make an award "unjust" in the case at bar deserves no discussion. There is nothing inequitable in the bank's conduct that sullies its hands. Its attempts to obtain repayment of loans is no more immoral than the efforts of the IRS to collect taxes. Both must confine themselves to such rights and remedies as the law gives them. The "special circum-

stances" defense is often routinely invoked by the government merely because it is recognized by the statute, regardless of its actual applicability to the facts in a particular case. The District Court cannot be expected to discuss at length every flimsy argument advanced by counsel in the course of litigation. (Appellant's brief, pp. 7–8, notes that the District Court "did not discuss" this contention.)