UNITED STATES of America, Plaintiff,

v.

**BELL CREDIT UNION, Defendant.**

UNITED STATES of America, Plaintiff,

v.

**GOLDEN PLAINS CREDIT UNION, Defendant.**

Civ. A. Nos. 84–1024, 84–1475.

United States District Court,
D. Kansas.

March 18, 1986.

---

Michael Quigley, U.S. Dept. of Justice, Washington, D.C., and Karen M. Humphreys, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Eric D. Bruce, Bruce, Davis & Gilhousen, Wichita, Kan., for defendants.

## OPINION AND ORDER

THEIS, District Judge.

These companion cases present the question of competing claims between the Internal Revenue Service and the respective credit unions to funds on deposit in the credit unions. They are before the Court on the defendants' motions for Summary Judgment, and the United States' cross motions for Summary Judgment.

There is no dispute as to the material facts. In April of 1983 the credit unions were served with Internal Revenue Service Notices of Levy upon the deposits of Derald and Charlene Thomas (Thomas) and upon Lawrence Black Jr. and/or B & B Trucking (Black). Thomas had funds on deposit in the Bell Credit Union, and loans outstanding though not in default with it. Black had funds on deposit with the Golden Plains Credit Union, and outstanding, delinquent loans with it. This action by the Internal Revenue Service notices of Levy apparently prompted both credit unions to thereafter declare default on the loans and apply the shares of Thomas and Black to the loan balances. Until the credit unions applied the shares to the loans, in the absence of some additional factor coming to the credit unions' attention respecting ability to pay or impairment of security Thomas and Black would have been able to withdraw the shares from the credit unions without objection. After the shares were applied to the loans, no funds were left to satisfy the levy. The United States brought these actions for failure to honor the levies and to recover from the defendants the amount of the levied funds in their possession at the time the levies were served. In addition, the United States seeks imposition of a 50 percent penalty against the credit unions pursuant to 26 U.S.C. § 6332(c)(2).

The defendant credit unions oppose the action, and have filed a joint motion for summary judgment against the United States for a determination that they have no liability to the United States. They also seek costs against the United States. The United States opposes the joint motions, and has filed a cross motion for summary judgment against the credit unions as to both the levied amounts and the 50 percent penalty.

The Court is familiar with the standards governing the consideration of motions for summary judgment. Summary judgment is a drastic remedy to be applied with caution in order to preserve a litigant's right to trial. *Machinery Center, Inc. v. Anchor Nat'l Life Ins. Co.*, 434 F.2d 1, 6 (10th Cir.1970). To rule favorably on a motion for summary judgment, the Court must first determine that the matters on file regarding the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The Court must look at the

record in the light most favorable to the non-moving party. *Lindley v. Amoco Production Co.,* 639 F.2d 671, 672 (10th Cir. 1981). Before summary judgment may be granted, the moving party must establish its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). Pleadings and documentary evidence must be liberally construed in favor of the party opposing the motion. *Harman v. Diversified Medical Investments Corp.,* 488 F.2d 111, 113 (10th Cir.1973), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). If the facts support an inference that would permit the non-movant to prevail, summary judgment is inappropriate. *Thomas v. Unites States Dep't of Energy,* 719 F.2d 342, 344 (10th Cir. 1983). A party resisting a motion for summary judgment, however, must set forth specific facts showing that there is a genuine issue for trial. *Dart Industries, Inc. v. Plunkett Company of Oklahoma, Inc.,* 704 F.2d 496, 498 (10th Cir.1983).

Defendants support their motion for summary judgment on the basis that they were the holder of a security interest superior to that of the IRS. It is well settled that a bank that exercises its right of set-off *after* receiving notice of a tax lien will lose to the IRS as to the levied/setoff funds. See B. Clark, *The Law of Bank Deposits, Collections and Credit Cards,* ¶ 11.11 (1981). The defendants would argue that they did not exercise a right of setoff but foreclosed a valid and prior lien against the shares of levied taxpayers. Unlike banks, credit unions do not receive "deposits" creating a debtor/creditor relationship. Instead credit union "shares" are part of the capital stock of the credit union, and such shares become liens against any outstanding loans. Defendants argue that this lien is both statutory and contractual in nature. For this they rely on K.S.A. § 17–2212 which reads in part "[a] credit union shall have a lien and right of setoff on the shares of any member ... for and to the extent of any obligation of the member." They also rely on certain loan documents creating a contractual lien. As

such, defendants would assert a prior interest to the tax levy, citing *The Trust Company of Columbus v. United States,* 735 F.2d 447 (11th Cir.1984) to give them a superior right to the funds in question.

The Court is not persuaded by defendants statutory arguments. Although a cursory reading of the statutes would seem to support their argument distinguishing credit unions rights and remedies from those of banks, the Court finds the differences here in issue to be more apparent than real. Moreover, the United States has directed the Court's attention to *Stann v. Mid American Credit Union,* 39 B.R. 246 (D.Kan.1984), where Judge Crow of this District, addressing the same statutory provision, held "[a]lthough the statute refers to 'lien,' the right conferred by the statute is an equitable right of setoff." *Id.* at 248. This ruling, which this judge considers salutory and precedential, vitiates defendants' carefully drawn distinction between credit unions and banks regarding setoff.

Parenthetically, the Court would note that it is troubled by the failure of defendant's attorney to draw the Court's attention to this case, or to otherwise address it. The duty of an attorney to direct the Court's attention to contrary holdings is well known. While the Court usually is willing to assume that an adversary's failure to address such authority is mere oversight, it is more difficult to make such an assumption in a case such as this one where the ruling goes directly to the issue at hand, was handed down by another judge of the same District Court that the instant case is before, was only a year and a half before the briefs in the instant case were filed, and most importantly was handed down in a case in which the defendant's attorney was the same man as defendant's attorney here.

■ The Court likewise is not persuaded by defendants' contractual arguments. The Court has been provided with documentary evidence as to the existence of a contractual lien on the taxpayers' accounts

as defendants allege. The Court is willing to assume for these purposes that such a contractual lien existed. But the inquiry does not stop there. The question of property or property rights to which a federal tax levy can attach is a question of state law, but the question of when a state created lien is substantially perfected that it can defeat a federal tax lien is a question of federal law. *United States v. Hunt*, 513 F.2d 129, 133 (10th Cir.1975). So assuming a valid lien on the credit union accounts the question becomes one of its priority vis-a-vis the tax levy.

■ It is well settled that in order for a state created lien to be superior to a federal tax levy, it must be both choate and first in time. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 88, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963). To be choate, the lien must be perfected so that there is nothing more to be done, that the identity of the lienor, the property subject to the lien, and the amount of the lien are established. *United States v. New Britain*, 347 U.S. 81, 84–86, 74 S.Ct. 367, 369–71, 98 L.Ed. 520 (1954); *Priest v. Progressive Savings & Loan Assoc.*, 712 F.2d 1326, 1327–28 (9th Cir.1983); *New York City Transit Authority v. Paradise Guard Dogs, Inc.*, 565 F.Supp. 388, 390 (E.D.N.Y.1983). These requirements of first in time and choateness give federal tax liens an extraordinary priority, justifiable only by the importance of securing adequate revenues to discharge national obligations, and limited therefore to tax liens. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 734, 99 S.Ct. 1448, 1461–62, 59 L.Ed.2d 711 (1979).

■ The liens relied on by the defendant credit unions are simply not choate liens, if for no other reason than that the property subject to the lien is clearly not established and isolated. Defendants have admitted that prior to the filing of the tax levy and the subsequent setoff, the depositors were free to withdraw any or all of the amounts in their accounts. Therefore, the defendants' interest is inferior to that of the IRS' interest.

■ In passing, the Court would also note that even if the defendant credit unions had a prior lien in the accounts in question, a prior lien is not a defense to a federal tax levy. Instead, the proper procedure in contesting the levy is to surrender the funds and then litigate the priority of the liens. This the credit unions failed to do, despite the fact that even *The Trust Company of Columbus* which defendants themselves cited for their "valid and senior security interest" argument so holds. While noting that the court there decided that a holder of a senior lien would prevail over the government's levy, they failed to note that The Trust Company followed the proper procedure of surrendering the funds and then litigating the priority. 735 F.2d at 449. Although defendants likewise argued senior lien here, they did not choose to first surrender the funds.

■ The United States seeks also a penalty equal to 50 percent of the amount of liability recoverable from the credit unions, pursuant to 26 U.S.C. § 6332(c)(2). That statute authorizes such a penalty if "any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property *without reasonable cause*" (emphasis added). The Court views the imposition of the penalty as a serious punishment, one to be imposed only after careful consideration. The penalty should in no way be imposed as the price of making a merely unsuccessful argument, nor should it be imposed in any way which would discourage the free access to courts to litigate matters of dispute. But the importance of the collection of tax revenues dictates that the penalty is appropriate when frivolous arguments are made merely to delay the collection of monies legally due the IRS. The Court would be reluctant to impose the penalty if any legal dispute existed in any facet of the controversy, but is compelled by law to order its imposition if no reasonable argument was made.

In this instance, the Court must consider the arguments that defendants made.

They argued that state law gave them a prior lien to their deposits as opposed to a right of setoff, but they failed to disclose that their attorney had already made this argument once to this District, and had been unsuccessful. They argued that they also had a prior contractual lien superior to the tax levy, but they failed to demonstrate how such a contractual lien was choate and first in time, giving it priority over the tax levy. Indeed, they failed to discuss the pivotal doctrine of choateness at all. And, in fact, their lien was not choate, and therefore was not superior to the tax levy. Finally, while arguing that their liens were prior, they failed to either note or follow the proper procedure in contesting a tax levy. Case law is clear that claim of a prior lien may not be interposed as a defense to a tax levy. *United States v. Citizens & Southern Nat. Bank*, 538 F.2d 1101, 1106 (5th Cir.1976). *United States v. Trans-World Bank*, 382 F.Supp. 1100, 1105 (C.D.Cal.1974). Instead, as *The Trust Co. of Columbus* explains, the proper procedure is to surrender the funds, and then litigate the priority of the lien. 735 F.2d at 449. See also 26 U.S.C. § 7426.

Defendants oppose the imposition of the 50 percent penalty on the grounds that there was a bona fide dispute regarding the legal effectiveness of the levy. The Court does not see any reasonable, bona fide dispute. The Court finds the law of this matter to be clear, and notes that defendants constructed their arguments completely apart from the controlling doctrines. Therefore the Court finds no other alternative but to impose the statutorily prescribed penalty.

IT IS THEREFORE ORDERED that defendants Bell Credit Union's and Golden Plains Credit Union's joint motion for summary judgment against the United States is hereby denied.

IT IS FURTHER ORDERED that plaintiff United States of America's cross-motion for summary judgment is hereby granted, and the defendant credit unions are ordered to pay to the United States the amount of the original tax levies, together with interest.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on defendants' liability for the 50 percent penalty pursuant to 26 U.S.C. § 6332(c)(2) is hereby granted.

IT IS FURTHER ORDERED that the United States prepare a journal entry of judgment setting out the precise amounts due pursuant to this order, circulate it for approval among the attorneys for the parties, and present it to this Court by March 31, 1986.