**LAWYERS TITLE INSURANCE CORP., a Virginia Corporation Plaintiff,**

v.

**Arthur L. PHILLIPS and Phillips & Phillips, a Georgia General Partnership, Defendants.**

v.

**United States of America, through the Internal Revenue Service, et al., Third–Party Defendants.**

No. 5:99–CV–398–1 (DF).

United States District Court, M.D. Georgia, Macon Division.

April 10, 2000.

Kenneth Lee Millwood, Mr., Atlanta, for Lawyers Title Insurance Corporation, plaintiff.

Arthur Leister Phillips, Macon, GA, for Arthur L. Phillips, Phillips & Phillips, defendants.

Melanie D. Wilson, Macon, GA, Janice Rovner Feldman, Dept. of Justice, Washington, DC, for Internal Revenue Service.

## ORDER

FITZPATRICK, District Judge.

The Third–Party Defendant, the United States of America, has filed a motion to dismiss the Defendants' Third–Party Complaint because of an alleged failure to serve process in accordance with the Federal Rules of Civil Procedure (FRCP). In the alternative, the Government argues that the case should be dismissed on the basis of the Government's defense of Sovereign Immunity. The Defendants/Third–Party Plaintiffs contend that service has been properly made, and that any defense of Sovereign Immunity that the Government might have has been waived by the statutes under which they are proceeding. The Court addresses these issues in turn.

With respect to the service of process issue, the Court agrees with the Government that service has not been perfected in this case. According to Rule 4 of the FRCP, a party asserting a claim against the United States Government can effect service of process:

(A) *by delivering a copy of the summons and the complaint to the United States attorney for the district in which the action is brought* or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney *and*

(B) *by also sending a copy of the summons and the complaint* by registered or certified mail *to the Attorney General of the United States* at Washington, District of Columbia ...

Fed.R.Civ.P. 4(i)(1) (Emphasis added). In this case, the Government contends that these requirements have not been met. Accordingly, they ask that the Defendants' Third–Party Complaint be dismissed.

█ In response, Defendants claim that the requirements have been satisfied. Attached to their response to the motion to dismiss is an executed return of service which shows that an assistant United States attorney in the Middle District of Georgia was personally served, thus satisfying the first requirement of Fed.R.Civ.P. 4(i)(1). With respect to the second requirement, the Defendants have attached a copy of a certified mail receipt that shows that a packet was sent to the United States attorney's office in Washington, D.C. As the Government properly notes, however, Rule 4(i)(1) does not permit service on the United States Attorney for the District of Columbia. Instead, the rule requires that a copy of the summons and complaint be sent to the Attorney General of the United States. *See* Fed.R.Civ.P. 4(i)(1)(B). Because it does not appear that the Attorney General of the United States has been served in accordance with the requirements of Rule 4 of the FRCP, the Court agrees with the Government that service must be perfected in this case.

According to Fed.R.Civ.P. 4(i)(3), "the court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple ... agencies ... of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States." In this case, the Third–Party Plaintiffs have shown that they perfected service on the United States attorney for the Middle District of Georgia, the district in which this action was brought. Consequently, under Rule 4(i)(3), they are entitled to a reasonable time in which to cure their failure to serve the Attorney General's office.

In this instance, however, curing the deficiency of service would merely postpone the inevitable. The United States has asserted its defense of Sovereign Immunity, and the Court finds that it is entitled to dismissal on that basis. The basis of Defendant's Third–Party Complaint is that the United States initiated a wrongful levy against the property that is the subject matter of the underlying lawsuit in this case. The Government responds by arguing that even if their levy was wrongful, they are entitled to Sovereign Immunity because the Defendants cannot cite a statute that would provide them with a cause of action against the Government. In order to understand the Government's position, a bit of background is in order.

The facts that give rise to this case stem from a loan re-financing transaction that took place in 1995. The Defendants, an attorney and his law firm, were hired by a lender to conduct a title-search of the property serving as collateral for the underlying transaction. That search did not uncover federal tax liens that had been levied against the debtor. As a result of the Defendants' failure to uncover these liens, and as a result of the Defendants' alleged failure to perfect the lender's security interests when notice of the liens was given, the lender suffered substantial losses when the borrower defaulted on the loans. The lender's title insurance company, the Plaintiff in this suit, then filed this suit, claiming that the Defendants breached their duty of care in respect to the title search conducted in this case.

The Defendants deny that they breached any duty of care in this case. Instead, they claim that the lender failed to disclose information to them, specifically the fact that the borrower was known under different names, that would have led them to discover any relevant liens. The Defendants also filed a third party complaint against the United States, claiming (1) that the IRS caused the liens to be "mis-indexed," thereby resulting in the Defendants' failure to discover the alleged defect in the chain of title and (2) that the IRS initiated a wrongful levy against the property because they did not have superior title to the property.

As the Government points out, however, the Defendants have failed to show the Court any basis upon which they can escape the Government's invocation of Sovereign Immunity. As a sovereign, the United States may only be sued to the extent it consents to suit by statute. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). In this case, the Defendants/Third Party Plaintiffs claim that the following statutes provide the necessary consent allowing them to bring this action: 26 U.S.C. § 7426, 28 U.S.C. § 2409a and 2410, 5 U.S.C. § 702, and 28 U.S.C. § 2671. An analysis of each of these statutes reveals that Defendants/Third–Party Plaintiffs cannot pursue a claim under any of those provisions.

■ There are multiple problems with the Defendants' attempt to invoke 26 U.S.C. § 7426. In pertinent part, that section provides that:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

26 U.S.C. § 7426(a)(1). Section 7426 is "[t]he only remedy ... to a taxpayer who possesses an interest in property upon which the government has levied." *Trust Co. of Columbus v. United States*, 735 F.2d 447, 448 (11th Cir.1984). Defendants cannot take advantage of this remedy, however, for two reasons. First, it is plain from their complaint that the Defendants do not possess an "interest" in this property as that term is understood in this context.

The D.C. Circuit Court gave a brief summary of the history and contours of § 7426:

Section 7426 of the Internal Revenue Code was enacted as part of the Federal Tax Lien Act of 1966 ... Recognizing that the Government's rigorous tax enforcement activities at times encroached upon persons other than the delinquent taxpayer, Congress sought to provide a measure of protection for the property rights of these third parties. *See* S.Rep. No. 1708, 89th Cong., 2d Sess. 29, reprinted in (1966) U.S.Code Cong. & Admin.News, pp. 3722, 3750. In so doing, Congress created a new exception to the broad statutory rule prohibiting suits in restraint of federal tax assessment efforts. 26 U.S.C. § 7421(a) (1976 & Supp. II 1978). This exception is precisely drawn and of limited scope. The statutory language, by effectively equating the terms "interest" and "lien" and relating both to "property," indicates that only persons claiming *specific, possessory rights* are entitled to seek judicial review.

*Valley Finance, Inc. v. United States,* 629 F.2d 162, 168 (D.C.Cir.1980) (Emphasis added). In this case, the Defendants have never alleged that they had any sort of possessory interest in the property that was the subject of the Government's levy. Nor do the facts, as gleaned from the various pleadings in this case, even provide for such an inference. Consequently, the Defendants/Third–Party Plaintiffs have no standing to pursue a claim under 26 U.S.C. § 7426. *See Frierdich v. United States,* 985 F.2d 379, 383 (7th Cir.1993) ("the right of a third party to challenge a wrongful levy is confined to persons who have a fee simple or equivalent interest, a possessory interest, or a security interest in the property levied upon").

Second, any action brought under § 7426 would be time-barred in this case. As a general rule, a suit brought under § 7426 must be brought within nine months of the date of the levy. *See* 26 U.S.C. § 6532(c)(1). If a request is made for return of the property, however, the nine-month period is extended for a period of twelve months following the date of such a request. *See* 26 U.S.C. § 6532(c)(2). In this case, Defendants/Third Party Plaintiffs never filed a request for the return of the property, and they have cited no authority which would permit them to extend the statute based on a request made by another party.[1] Accordingly, even if they could bring suit under § 7426, which they cannot, their claim would be time-barred.

■ Defendants next try to rely on 28 U.S.C. §§ 2409a and 2410. Neither of these provisions permit Defendants to bring suit in this case because they have no interest in the property that is the subject matter of this lawsuit. In order to bring suit under § 2409a, a party's "complaint must set forth with particularity the nature of the right, title or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right title or interest claimed by the United States." 28 U.S.C. § 2409a. It is not enough for a party to be concerned about who holds title to a piece of property; "the dispute must ... concern the quality of title between the plaintiff and the United States and not the quality of title between the United States and a third party." *Cadorette v. United States,* 988 F.2d 215, 223 (1st Cir.1993). Here, Defendants do not allege that they are contesting the quality of title as between them and the United States. Instead, they claim that the Government's title is inferior to a third party. As such, they cannot bring an action under § 2409a. *See McMaster v. United States,* 177 F.3d 936, 939–40 (11th Cir.1999). The same

---

1. Moreover, as the Government points out, even if the limitations period was tolled based on the lawsuit originally filed with respect to this property, that suit was dismissed on June 15, 1998. The Defendant's Third Party Complaint was not filed until November of 1999, more than a year later. Consequently, the suit would still be time-barred.

conclusion applies with respect to Defendants' claim under § 2410. Not only do the Defendants fail to allege that they hold title to the property at issue, they also fail to allege that the United States still possesses the property in question. In fact, the Defendants have essentially conceded that the property in question has been sold by the IRS in their complaint. Third Party Complaint, ¶ 72 (stating that the "proceeds" of the levy received by the IRS "constitute unjust enrichment and should be turned over."). A party cannot bring a quiet title action against the Government under § 2410 where the Government has sold the property that is the subject of the underlying suit. *See Neary v. Internal Revenue Service,* 1991 WL 341446, *7 (N.D.Ga.1991), *aff'd,* 979 F.2d 1538 (11th Cir.1992) (Table); *see also Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992).

The Defendants/Third Party Plaintiffs also seek to rely on 5 U.S.C. § 702, the Administrative Procedures Act, as a basis for their claim in this case. However, the plain language of that statute permits suits contesting agency actions where the party is seeking "relief other than money damages." 5 U.S.C. § 702. Here, money damages are exactly what the Defendants/Third-Party Plaintiffs are seeking. *See* Third Party Complaint, ¶¶ 60, 62, and 72. Consequently, § 702 of the APA does not provide the Defendants/Third-Party Plaintiffs with a cause of action in this suit. *See Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990).

Finally, the Defendants/Third Party Plaintiffs seek to rely on 28 U.S.C. § 2671 *et seq.,* the Federal Torts Claim Act, as the basis for their claims against the United States. However, as the Government points out, the statute specifically prohibits the filing of a tort claim against the United States with respect to the assessment or collection of any tax. *See* 28 U.S.C. § 2680(c). The Defendants/Third Party Plaintiffs cannot therefore proceed under this provision either. *See Smith v. Brady,* 972 F.2d 1095, 1099 (9th Cir.1992) (broadly construing what constitutes an action connected to the collection of taxes).

In short, the Defendants/Third Party Plaintiffs have failed to state a single provision that would permit them to obtain relief against the United States in this suit. Accordingly, the Third Party Defendant's Motion to Dismiss is hereby **GRANTED.**