**UNITED STATES of America, Plaintiff,**

v.

**DELAWARE TRUST COMPANY, Trustee Under the Will of Joseph H. Gooding, Elizabeth Gooding Wilkins, Arthur H. Wilkins and Charles P. Gooding, Defendants.**

**Civ. A. No. 1835.**

United States District Court
D. Delaware.
Oct. 29, 1958.

Richard M. Roberts, U. S. Dept. of Justice, Washington, D. C., Leonard G.

Hagner, U. S. Atty., Wilmington, Del., for the United States.

Everett E. Borton, Wilmington, Del., for defendants.

LAYTON, District Judge.

The question presented for decision here is whether notice of a tax lien filed in the State of the taxpayer's residence was effective to make such tax lien valid as against an assignee of taxpayer's interest as beneficiary of a trust consisting of real property located in another state where notice of the lien was not filed.

The Commissioner of Internal Revenue assessed income taxes against the defendant Charles P. Gooding, as follows:

### Assessment List

| Year | Received | Amount |
| --- | --- | --- |
| 1948 | July 31, 1950 | $971.26 |
| 1949 | August 14, 1950 | 555.10 |
| 1950 | July 16, 1951 | 40.17 |

Notices of liens for the above stated taxes were filed as follows:

| Year | Date | Place Filed |
| --- | --- | --- |
| 1948 | September 25, 1950 | Circuit Court, Montgomery County, Maryland. Register of Deeds of District of Columbia. Clerk, United States District Court, District of Columbia. |
| 1949 | March 19, 1951 | |
| 1950 | April 22, 1955 | |

The notices were filed in the districts where the taxpayer lived in 1948, 1949 and 1950, namely Montgomery County, Maryland, and the District of Columbia.

The taxpayer is a beneficiary under a Delaware trust, and Delaware Trust Company, a banking corporation of Delaware, is trustee.

In 1951, the taxpayer assigned to the defendants, Elizabeth and Arthur Wilkins, all of his share of the income to arise from this trust until payments to the assignees totaled $3,400. Consideration for the assignment was a loan by the assignee to the assignor for $2,700 and the cancellation of an outstanding debt of $500 due from the latter to the former. The assignment also provided that in the event of the dissolution of the trust, any unpaid portion of the $3,400 debt would be paid from the taxpayer's share of the corpus.

This suit seeks to enforce the judgment for taxes against the taxpayer's interest in the above described trust.

The applicable federal statutes follow:

26 U.S.C. 1952 Ed.

Internal Revenue Code of 1939:

"§ 3670. Property subject to lien

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

"§ 3671. Period of lien

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

"§ 3672 [As amended by Sec. 401 of the Revenue Act of 1939, c. 247, 53 Stat. 862, and Sec. 505 of the Revenue Act of 1942, c. 619, 56 Stat. 798]. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) *Invalidity of Lien Without Notice.* Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) *Under State or Territorial laws.* In the office in which the filing of such notice is authorized by the law of the State or Territory *in which the property subject to the lien is situated,* whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory;[1] * * * *" (My emphasis.)

It is conceded by both sides not only that the assignment was valid but that it constitutes a "pledge" within the meaning of the above cited act. Consequently, if the property sought to be impressed with the lien is located in Delaware, the notices filed by the Government in Maryland and the District of Columbia gained no priority over the assignment.

Counsel agree that, for all practical purposes, this is a trust composed of real property located in Wilmington, Delaware. The property was bequeathed by the testator to his wife for her life and until the youngest child[2] reached the age of 45 years, at which time the trustee was authorized to "divide the principal and income among my said children." There was a power of sale but the trustee, in disposing of the remainder, was not expressly directed to sell the realty.[3]

The Government argues that the interest of the beneficiary in future income arising from this trust is inchoate and in some manner differs from his interest in the trust res with the result that the assignment of future income is tantamount to an assignment of personal property located at the residence of the assignor. Furthermore, it is urged that, as a practical matter, the assignee is better protected as the result of the existence of the notice at the residence of the assignor because, before accepting the assignment, he can examine the tax lien records where the assignment takes place.

While these contentions are not without merit, they are supported by no

---

1. Delaware has authorized the filing of such notices in certain designated places. 10 Del.C.1953, § 4736.

2. Taxpayer is one of the children of the testator.

3. I doubt the necessity of here construing the trust in order to decide whether at its termination, the trustee was ordered to sell by clear inference or whether upon his failure to exercise the power of sale and divide the proceeds, the real estate would have descended to the remaindermen, including this taxpayer, as tenants in common or as joint tenants. Whatever the result, the taxpayer had not only an interest as beneficiary for a term of years but also an interest as remainderman in the residue at the termination of the trust.

authorities and leave unanswered a number of inquiries.

■ In the first place, it is axiomatic that the locus of a trust is usually the domicile of the trustee. Here the trustor was a Delawarean, the trustee domiciled here and the real property, or trust res, situated in this State. Unquestionably, the intent of the trustor was to establish a Delaware trust. 90 C.J.S. Trusts § 160, subd. b; Wilmington Trust Co. v. Wilmington Trust Co., 25 Del.Ch. 121, 15 A.2d 153, affirmed 26 Del.Ch. 397, 24 A.2d 309, 139 A.L.R. 1117. Moreover, the entire trust res being realty, the authorities regard the trust as a trust of real, not personal, property. Gordon v. Gordon, 6 Ill.2d 572, 129 N.E. 2d 706; compare Senior v. Braden, 295 U.S. 422, 55 S.Ct. 800, 79 L.Ed. 1520.

We have no authority except the Government's own statement to support its position that the taxpayer beneficiary here enjoyed a mere inchoate right and that the assignment of future dividends arising from the trust constituted the assignment of personal property only. On the other hand, Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, casts considerable doubt on that argument. There, the life beneficiary under a very large trust of real property, assigned certain portions of the future income to which he was entitled to his children. It was held that the assignment by the beneficiary of this income was an assignment not only of the right to receive income but of an interest in the trust estate itself—that is to say, of something akin to real property—with the result that the assignees were thereafter liable for the payment of income tax on the amounts assigned. While the case is not on all fours with this, much of its language squarely conflicts with the Government's theory of recovery here.

Not only that, but I remain unconvinced by the argument that the filing of the notice of the lien at the residence of the taxpayer (assignor) affords better protection to the assignee who can always look to the lien records of the former's residence rather than at the location of the trust. In my view, the opposite is more nearly true. Men frequently shift their residences but the location of a real estate trust rarely, if ever, would change from one state to another. Thus, it is at the locus of the real estate trust that the assignee can more safely make inquiry as to the existence of liens against the assignor's interest therein. Moreover, as a practical matter, the trustee is better protected. He is not charged with notice of the existence of a lien filed in some other state but by filing the notice at the locus of the property, nearly always the trustee's domicile, he is put on notice of the existence of a tax lien against the beneficiary and thereafter would pay over income to the beneficiary (or an assignee of which he has notice) at his peril.

Assume that this taxpayer resided in the District of Columbia, owned real property which he leased to others a mile away in Maryland and then assigned the rentals to X for a proper consideration. The Government is forced to the position that the notice of the lien against the taxpayer must be filed in the District. But the statute very clearly means that it shall be filed in Maryland. I can see little difference between the facts of this case, where the trust res is realty, and of the hypothetical case.

■ Finally, it may be conceded that the Government is faced with many practical difficulties in determining the proper place at which notices of tax liens should be filed in compliance with the statute. But the short answer to this complaint is that it here stands in no better position than any other private creditor seeking to impress a lien upon his debtor's assets and, even more importantly, Section 3672, above quoted, was not passed for the benefit of the Government at all, but as a protection to that class of persons (purchasers, judgment creditors, mortgagees, etc.) who, without such notice, stand to lose in their dealings with such property. Thus, the only place where they can safely look for the existence of liens or other incum-

brances is the place where the property is located.

I am of the opinion that under these facts the plain intent of the statute requires the filing of the notice of lien at the domicile of the trustee where the real property is located and not at the taxpayer's residence.[4]

An order will be entered on notice.

4. This trust consisting of realty, I am not called upon to decide what would be the result in a case where the trust was part realty and part personalty or all personalty.