**Dolores FRITZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 6–68–Civil–5.**

United States District Court,
D. Minnesota,
Sixth Division.

May 6, 1971.

David F. Lundeen, Fergus Falls, Minn., for plaintiff.

J. Earl Cudd, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This is an interpleader action. The original defendant National Surety Corporation has deposited $2,380 with the Court and admits the fund belongs to either Dolores Fritz (the plaintiff) or the United States (the interpleaded defendant). The fund represents retained wages and bonuses payable to James E. Fritz, plaintiff's former husband, by reason of his employment with National Surety.

The parties have filed a 7-page stipulation of facts with 6 attached exhibits. Briefs have been lodged. The parties have waived oral argument.

Each party claims priority as a matter of law to the accrued fund.

Plaintiff's claim to the fund is based on an assignment of the fund to her by her former husband pursuant to a stipulation in a divorce related action in District Court for Otter Tail County, Minnesota. Oral assignment of the fund was made on October 27, 1967, and confirmed by a written assignment signed on October 30, 1967. In consideration for the assignment, Mrs. Fritz agreed that her former husband be released from the Otter Tail County Jail where he had been held in custody on a writ of *ne exeat*. The writ had been obtained by Mrs. Fritz to prevent her former husband from leaving the country and defeating her claim against him for delinquent alimony and child support. (Stip. ¶¶ 8 through 14).

The government's claim to the fund arises by reason of taxes assessed against James E. Fritz on May 6, 1966 and June 24, 1966, which exceed the amount of the fund. A notice of federal tax lien relating thereto was filed against Mr. Fritz with the Register of Deeds of Richland County, Wahpeton, North Dakota, on January 18, 1967. A notice of levy, pertaining to the fund at issue, was served on National Surety on November

1, 1967. On November 29, 1967, the Internal Revenue Service served a final demand on National Surety claiming the fund held by the corporation. (Stip. ¶¶ 15, 17, 18, and 20).

The question for determination is whether the federal government's tax lien is entitled to priority over the subsequent assignment to Mrs. Fritz where she, as the assignee, did not have actual notice or knowledge of the existence of the outstanding tax lien when the assignment was made. (Stip. ¶ 23).

■ Notice of the federal tax lien was properly filed in Wahpeton, North Dakota, the residence of the deficient taxpayer, Mr. Fritz, at the time of the filing. 26 U.S.C. § 6323(f). (Stip. ¶¶ 5 and 5A). Consequently, the tax lien is valid and entitled to priority under the test of "first in time, first in right" enunciated by the Supreme Court in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), unless Mrs. Fritz's interest in the fund is encompassed by Section 6323 of the Internal Revenue Code which provides for certain exceptions to this general rule.

Plaintiff contends that, inasmuch as she did not have actual knowledge of the pre-existing tax lien at the time of the assignment, her interest is in fact protected by Section 6323(b).

"(b) *Protection for certain interests even though notice filed.*—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

(1) Securities.—With respect to a security (as defined in subsection (h)(4))—

(A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

(B) as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien." 26 U.S.C. § 6323(b).

She argues that she is the "purchaser of a security" or in the alternative the "holder of a security interest in a security" because of the assignment by her former husband and thus entitled to priority.

The crucial terms, "security", "security interest", and "purchaser", are defined in Section 6323(h).

"(1) *Security interest.*—The term "security interest" means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) *to the extent that, at such time, the holder has parted with money or money's worth.*" (Emphasis added.)

"(4) *Security.*—The term "security" means any bond, debenture, note, or certificate or other evidence of indebtedness, issued by a corporation or a government or political subdivision thereof, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument, or money."

"(6) *Purchaser.*—The term "purchaser" means a person who, for adequate and full consideration in money or money's worth*, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice. * * *" (Emphasis added.) 26 U.S.C. § 6323(h).

■ Mrs. Fritz's agreement to release Mr. Fritz from custody where he was being held on a writ of *ne exeat* in return for the assignment of the fund

does not constitute adequate and full consideration in money or money's worth (required by the definition of purchaser) nor a parting with money or money's worth (required by the definition of security interest) as those phrases were intended and have been interpreted. See United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271; Morrison Flying Service v. Deming National Bank, 404 F.2d 856 (10th Cir. 1968); Senate Report No. 1708, 1966 U.S.Code Cong. & Admin.News 3722, 3734–35. Her claim is not to be accorded priority over the federal tax lien under Section 6323(b). See United States v. Lewis, 272 F.Supp. 993 (N.D.Ill.1967).

It is ordered that the fund now on deposit with the Clerk of the Court be paid to the United States of America.