## FIRST N.H. BANK, NATIONAL ASSOCIATION

v.

## CARRABASSETT INVESTMENT CORP., and The United States Government.

Civ. No. 92–112–M.

United States District Court,
D. New Hampshire.

Feb. 18, 1993.

Robert R. Lucic, Manchester, NH, for plaintiff.

Leslie M. Singer, Washington, DC, Gretchen Leah Witt, Concord, NH, for U.S.

Donald J. Williamson, Manchester, NH, for Carrabassett Inv. Corp.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

McAULIFFE, District Judge.

This interpleader action involves a lien priority dispute between the Internal Revenue Service ("IRS") and Carrabassett Investment Corp. ("Carrabassett"). Carrabassett and the IRS each have liquidated claims against Abigail D. Kimball ("Kimball"). Each seeks to reach and apply her beneficial interest in the Berger Trust, administered by First N.H. Bank [1], to satisfy its claim to the exclusion of the other. The facts are undisputed, the issues are legal in character, and the parties agree that summary judgment is an appropriate means by which to resolve the case. The Court also agrees. Fed.R.Civ.P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Santoni v. Federal Deposit Ins. Corp.*, 677 F.2d 174, 179 (1st Cir.1982).

Resolution of the pending cross motions requires an analysis of at least the following factors: (1) Carrabassett's status as a "judgment lien creditor"; (2) the lien perfection requirements imposed on the IRS by 26 U.S.C. § 6323(a); and (3) the effect upon competing creditors of an IRS Notice of Levy (26 U.S.C. § 6331). For the reasons set out below, Carrabassett's Motion for Summary Judgment (document No. 18) is granted, and the IRS' motion is denied (document No. 13).

*Relevant Facts*

Kimball owes the United States approximately $76,937.00, plus statutory interest and penalties, arising out of her operation of a business that neglected to collect, account for, and pay withholding and FICA taxes. She also owes Carrabassett approx-

---

1. First N.H. Bank brought this interpleader action in response to the IRS' service of a Notice of Levy. Funds currently due to Kimball from the trust, in the amount of $61,590.46, have been paid into court. Ms. Kimball is to receive the remainder of the trust, an additional $109,-934.86, on May 6, 1996.

imately $170,000, plus interest, on a commercial demand note she executed as a co-maker.

Both the IRS and Carrabassett took action to collect the amounts owed. That action, particularly its timing, is relevant in determining the priority of the parties' respective liens on Kimball's trust fund interest. The race for superiority is fairly summarized by the following time line.

| IRS Event | Date | Carrabassett Event |
|---|---|---|
| Federal Tax Assessments Against Kimball | August 3, 1989—February 26, 1990— | |
| | —December 10, 1990 | Prejudgment Attachment on Trust Funds, NH Superior Court |
| Notice of Levy Served on Kimball's Interest in Berger Trust | February 8, 1991— | |
| | —April 15, 1991 | Default Judgment Against Kimball, NH Superior Court |
| Final Notice of Levy Served on Trust | April 24, 1991— | |
| Notice of Federal Tax Lien Filed, Bedford, NH (conceded not to be Kimball's Residence or Situs of Trust Funds) | May 6, 1991— | |
| Final Demand on Bank (Trust) to Pay Levy | May 7, 1991— | |
| | —August 19, 1991 | Judgment Against Kimball ($170,000) NH Superior Court |
| | —September 19, 1991 | NH Superior Court Grants Motion to Charge Trustee and Stay Partial Execution of Judgment (Until May 6, 1996, Payment is Due) ($109,934.86) |
| Notice of Federal Tax Lien Filed in San Diego, California (allegedly Kimball's Residence and Situs of Trust Funds) | July 21, 1992— | |

*Federal Tax Lien Priority*

 A federal tax lien arose and attached to Kimball's trust interest when, after notice and demand, she failed to pay her taxes.[2] Federal law governs the effect and priority of federal tax liens. *Rodriguez v. Escambron Dev. Corp.*, 740 F.2d 92, 97 (1st Cir.1984) (citing *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)); *Hinkley & Donovan*

**2.** 26 U.S.C. § 6321 provides:
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
I.R.C. § 6321.

*v. Paine,* 424 F.Supp. 1013, 1015 (D.N.H. 1977). The general rule applicable in determining priority between a tax lien and other competing liens is the familiar "first in time, first in right." *Rodriguez,* 740 F.2d at 97 (citing *United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954)). Competing creditor liens generally take priority over IRS liens only if they are perfected and choate[3] when the taxes giving rise to the federal lien are assessed. *Id.*

■ "Judgment lien creditors," however, are among that statutory class whose liens will prime tax liens so long as they are perfected and choate before the IRS properly files its Notice of Federal Tax Lien under 26 U.S.C. § 6323(a) and (f). *McDermott v. Zions First Nat'l Bank,* 945 F.2d 1475, 1479 (10th Cir.1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 2272, 119 L.Ed.2d 199 (1992). That is, "[t]he lien imposed by § 6321 shall not be valid as against any ... judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a).

The notice of federal tax lien referred to in § 6323(a) must be filed "in one office within the state ... as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1)(A)(ii). Personal property, such as Kimball's interest in the Berger Trust, is deemed to be situated at the residence of the taxpayer at the time the government's notice of lien is filed. § 6323(f)(2)(B).

*Carrabassett as a Judgment Lien Creditor*

For purposes of applying the provisions of § 6323(a), a "judgment lien creditor" is defined by the Treasury Department as:

> ... [A] person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for

a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date.... If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.

26 C.F.R. § 301.6323(h)–1(g) (1992).

■ From the time line summary above, it would appear that Carrabassett became a judgment lien creditor, as defined by applicable regulations, on September 19, 1991, the date on which the New Hampshire Superior Court granted its motion to charge the trustee of the Berger Trust and to stay partial execution of the judgment until Kimball's May 6, 1996, disbursement becomes due. During oral argument, the government seemed willing to concede that Carrabassett became a judgment lien creditor even earlier, on August 19, 1991, when judgment was entered. Either date will suffice under these facts. However, for convenience and clarity, the Court will refer to September 19, 1991, as the date of Carrabassett's judgment lien.

■ Unarguably, as of September 19, 1991, Carrabassett had obtained a valid judgment in the New Hampshire Superior Court, a court of record and of competent jurisdiction, for the recovery of specifically designated property, in a sum certain. At that point, Carrabassett's judgment lien

---

**3.** "To be 'choate,' the lien must be perfected so that there is nothing more to be done, that the 'identity of the lienor, the property subject to the lien and the amount of the lien are established.'" *Plymouth Guaranty Savings Bank v. Meredith Village Savings Bank,* No. 90–109–D,

1990 U.S.Dist. LEXIS 13502, at *3 n. 2 (D.N.H. July 25, 1990) (citing *Eskanos v. Alpha 76, Inc.,* 712 F.Supp. 819, 821 (D.Colo.1989) and *United States v. Bell Credit Union,* 635 F.Supp. 501, 504 (D.Kan.1986)).

was perfected, and choate, since the identity of the lienor (Carrabassett), the property subject to the lien (Kimball's beneficial interest in the Berger Trust), and the amount of the lien ($109,934.86) were all established. 26 C.F.R. § 301.6323(h)–1(g).

*First to Perfect*

■ In order for the government to prevail over Carrabassett's perfected judgment lien, it must demonstrate that its own lien was perfected prior in time, that is, before September 19, 1991. The government concedes that its first notice of tax lien filing, in Bedford, New Hampshire, on May 6, 1991, was ineffective. Bedford, New Hampshire, was neither Kimball's place of residence at the time of filing, nor the situs of Kimball's trust fund interest, the personal property subject to the lien. § 6323(f)(2)(B).

The government's second effort to file a notice of tax lien under § 6323(a) in San Diego, California,[4] was not successful until July 21, 1992, or well after Carrabassett had perfected its judgment lien. It would seem, then, that Carrabassett's judgment lien is superior to the IRS' tax lien.

*The Effect of an IRS Notice of Levy*

Undaunted, the government argues that while it may finish second in a § 6323 heat, ultimately it wins the race through an alternate available means of perfection. Because it served a notice of levy, a final notice of levy, and a final demand on the trust to pay the levy, well before Carrabassett attained the status of judgment lien creditor, the government claims its tax lien primes Carrabassett's judgment lien. Asserting that its service of a notice of levy under 26 U.S.C. § 6331(d) effected "constructive possession" of the trust assets, the government suggests that nothing remained for Carrabassett to perfect a judgment lien on. The trust assets had already been "taken" by the government's levy.

The government points to *American Acceptance Corp. v. Glendora Better Builders, Inc.,* 550 F.2d 1220, 1222 (9th Cir.1977) and *First National Bank of Norfolk v. Norfolk & Western Railway,* 327 F.Supp. 196, 199 (E.D.Va.1971) as support for its position.

This is not a new argument, in fact it has been made in a number of prior cases. The District Court for the District of Minnesota and the Court of Appeals for the Fifth Circuit are among those courts which have considered and rejected the government's alternate perfection theory. *See Southern Rock, Inc. v. B & B Auto Supply,* 711 F.2d 683, 686–88 (5th Cir.1983); *Rodeck v. United States,* 697 F.Supp. 1508, 1514 (D.Minn. 1988); *United States v. Jenison,* 484 F.Supp. 747, 755 (D.R.I.1980); *City of Vermillion v. Stan Houston Equip. Co.,* 341 F.Supp. 707, 712–713 (D.S.D.1972) (notices of levy are not sufficient to serve as notices of liens under § 6323). "[T]he Internal Revenue Code's levy and seizure provisions … are provisional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody." *Rodeck v. United States,* 697 F.Supp. at 1514 (quoting *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 210–211, 103 S.Ct. 2309, 2316, 76 L.Ed.2d 515 (1983) (citations omitted)). "Nowhere do the levy and seizure provisions of the Code, §§ 6331 and 6332, or the provision discussing priority and the filing requirements, § 6323, designate a levy as an alternative method of perfecting a federal tax lien." *Id.,* at 1514.

■ In *Southern Rock, Inc. v. B & B Auto Supply,* 711 F.2d 683, 686–88 (5th Cir.1983), the Court of Appeals for the Fifth Circuit rejected the government's contention that a notice of levy perfected its interest in accounts receivable. The court began by analyzing § 6323(a), noting that if the United States could gain priority over all unperfected creditors and transfer-

---

**4.** That San Diego was Kimball's residence and thus the situs of the personal property at the time of filing is not entirely certain, but, for purposes of this case only, it is accepted as accurate.

ees merely through service of a notice of levy, the perfection requirements of § 6323(a) would "have little bite." 711 F.2d at 687.[5] In fact, the protections Congress intended and codified in § 6323(a) would be rendered completely ineffective.

 The reasoning of *Southern Rock* is persuasive. Serving a notice of levy simply cannot substitute for the explicit statutorily established means of perfecting a federal tax lien, and will not suffice to establish priority as against that special class of creditors described in § 6323(a). *See Southern Rock, supra; Rodeck, supra; McDermott,* 945 F.2d 1475, 1479; *Jenison, supra; City of Vermillion, supra.*

*Conclusion*

Because Carrabassett perfected its judgment lien before the government perfected its tax lien, Carrabassett is "first in time and first in right." Carrabassett's Motion for Summary Judgment (document no. 18) is hereby granted, and the IRS' Motion for Summary Judgment (document no. 13) is hereby denied. Carrabassett is entitled to draw the trust funds paid into Court by First N.H. Bank, plus accumulated interest, and to obtain further payments owed by the trust to Kimball up to the amount of its perfected judgment lien, to the exclusion of the IRS.

SO ORDERED.

notice of levy ensures priority in relation to the debtor, it does not necessarily have that effect as against the rest of the world.