UNITED STATES of America, Plaintiff,

v.

AmSOUTH BANK OF FLORIDA,
Defendant.

No. 95–75–Civ–Oc–10.

United States District Court,
M.D. Florida,
Ocala Division.

Sept. 13, 1996.

Mary Apostolakos Hervey, U.S. Department of Justice, Washington, DC, for Plaintiff.

Rodney Anderson, Holland and Knight, Tampa, FL, for Defendant.

## *ORDER*

HODGES, District Judge.

This action to enforce a tax levy is before the Court on the parties' cross-motions for summary judgment (Docs. 12, 18). Each party has responded to the motion of the other. For the reasons that follow, Plaintiff's motion for summary judgment will be granted and Defendant's motion will be denied.

## *BACKGROUND*

Because the Court's resolution of the case does not turn on the complex priority issues forming the bulk of the parties' argument, a short statement of undisputed facts will suffice.

In 1988 and 1989, taxpayer, Mr. James T. Greene, contracted for four loans from Defendant's predecessor, Mid–State Federal Savings Bank. Mr. Greene also maintained a time deposit account in Mid–State; and, pursuant to assignments, Mid–State held the

account as security for the loans. Mr. Greene's account was also subject to an administrative hold which prevented him from withdrawing funds from the account.

In July 1989, the United States Department of Agriculture filed suit against Mr. Greene and Mid–State under the Perishable Agricultural Commodities Act. The USDA claimed that Greene made payments on the first loan [1] issued by Mid–State out of funds that were subject to a trust created by the Act. The complaint, therefore, sought recovery of many of the funds paid to Mid–State under the first of the four loans. Mid–State believed that the lawsuit placed the completion of Mr. Greene's obligations under the first loan in question and that, under the terms of the first loan or pursuant to dragnet clauses in the other three loans, it was entitled to payment, out of the Greene account, of attorney's fees and costs incurred in defending the action.

On May 30, 1990, while the USDA litigation was pending, the Internal Revenue Service filed a tax lien in the amount of $276,-246.36 against Mr. Greene. In an effort to collect Mr. Greene's unpaid tax debt, the IRS, on June 28, 1990, filed a notice of levy with Mid–State Savings Bank. Mr. Greene's account with Mid–State had an approximate balance, at the time of the levy, of $65,000.

On February 26, 1991, the IRS served Mid–State with a final demand for the funds Mid–State held in Greene's account. On March 5, Mid–State's attorney wrote a letter to the IRS informing it of Mid–State's intent to retain the funds in the account pending the outcome of the litigation with the USDA.

On June 29, 1992, the U.S. District Court for the Middle District of Florida granted summary judgment in Mid–State's favor in the USDA litigation. On June 15, Mid–State used the funds in the Greene account to pay $37,750.26 worth of attorney's fees and costs incurred during the litigation. On February 15, 1993, Mid–State remitted the remaining $34,400.13 to the IRS.

On July 13, 1993, the IRS wrote Mid–State informing Mid–State of its belief that the February 15 remittance was insufficient and of its contention that it was entitled to the funds disbursed by Mid–State subsequent to the USDA litigation. On July 26, Mid–State's attorney wrote the IRS explaining its belief that it was entitled to the funds in question and that the February 15 remittance constituted the extent of Mid–State's obligation under the levy.

On December 12, 1993, Mid–State merged into AmSouth bank of Florida. Pursuant to the terms of the merger, AmSouth assumed all liabilities of Mid–State, including any liability it might have had in connection with the tax levy.

This lawsuit to enforce the levy pursuant to 26 U.S.C. § 6332 was filed by the United States on April 19, 1995 (Doc. 1). The complaint alleges an entitlement to all of the funds in the Greene account as of the date of the levy, which, for practical purposes, means the $37,750.26 paid out of the account prior to the February 15, 1993 remittance. The complaint also demands that a penalty of fifty percent of the recoverable amount be imposed upon AmSouth. 26 U.S.C. § 6332(d)(2).

Both parties have moved for summary judgment. The government argues that the existence of a prior lien interest cannot be raised as a defense to an action to enforce a levy. The parties then concentrate on the issue of whether, as of the date of the levy, Mid–State had a perfected security interest in the funds held in the Greene account with priority over the tax lien. The parties have also argued about whether Mid–State's refusal to honor the levy constituted "reasonable cause" such that the fifty percent penalty should not be imposed.

### DISCUSSION

Summary judgment is appropriate only when the Court is satisfied "that there is no issue as to any material fact and that the moving party is entitled to judgment as a

---

1. The payment status of the loans is a matter of some dispute. The first loan was paid in full by Mr. Greene in September 1988 and stamped paid by Mid–State. The remaining three loans ma-

tured in September 1989 and Mid–State took $111,488.02 from the Greene account to satisfy the debt. These loans, however, were never noted by Mid–State as paid.

matter of law." F.R.Civ.P. 56(c). In making this determination, the Court must "view the evidence in the light most favorable to the non-moving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The moving party has the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Next, the "non-moving party ... bears the burden of coming forward with sufficient evidence of every element that he or she must prove." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). To that end, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (*citations and internal quotation marks omitted* ).

**A. May AmSouth raise a prior lien interest in defense?**

■ There are only two defenses to an action to enforce a levy pursuant to 26 U.S.C. § 6332(d)[2]: (1) that the defendant is not in possession of or obligated with respect to the taxpayer's property or rights therein; and (2) the property levied upon was subject to attachment or judicial process at the time the levy was received. *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 722, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985).[3] The defenses to an enforcement action are necessarily limited in light of the Congressional purpose to ensure quick and inexpensive compliance with the provisions of the tax code. *Id.* at 720–22, 105 S.Ct. at 2924–25. As a result, claims of security interests with priority over the tax levy may not be raised in a § 6332 proceeding; rather, such claims are properly litigated only in an action for wrongful levy under 26 U.S.C. § 7426. *Trust Co. of Columbus v. United States,* 735 F.2d 447, 449–450 (11th Cir.1984); *United States v. Citizens and Southern Nat. Bank,*

538 F.2d 1101, 1106 (5th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977).

■ Precedent, therefore, clearly commands the result in this case. However, Defendant raises two arguments against the foreclosure of its defenses in this case. First, Defendant argues that, because the government waited so long to bring this action, the nine month limitation on the bringing of an action pursuant to § 7426 has run and "principles of equity" should preclude the government from raising this issue now. Absent a pending § 7426 claim, the Court is obviously without authority to decide the limitations issue. Further, Defendant cites no authority for such a departure from clearly established precedent.

■ Defendant's second argument is equally unavailing. Defendant contends that Treas.Reg. § 301.6323b–1(j) and the concomitant example establish that Defendant was only required to remit to the IRS the amount in excess of that to which it was entitled pursuant to its security interest in the account. This regulation interprets 26 U.S.C. § 6322 which deals with the validity and priority of IRS liens as against certain individuals. § 6332 and the cases interpreting it clearly establish that priority issues are not litigable in actions to enforce a tax levy. Consequently, this argument also fails and the government is entitled to summary judgment on its claim to enforce the levy.

**B. Is the United States entitled to a penalty?**

■ 26 U.S.C. § 6332(d)(2) provides that any person who fails to comply with a levy, without reasonable cause, when required to do so shall be liable to the government for a penalty in the amount of fifty percent of the amount recovered. Treas.Reg. § 301.6332–1(b)(2) finds reasonable cause where there is a bona fide dispute concerning the amount of property to be surrendered pursuant to the

**2.** 26 U.S.C. § 6332(d)(1) provides:

Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United

States in a sum equal to the value of the property or rights not so surrendered. . . .

**3.** Defendant raises neither of these defenses here.

levy or the legal effectiveness of the levy. Although the regulation is unclear as to whether priority issues raise such bona fide disputes, cases interpreting the statute have found reasonable cause when a defendant has brought a wrongful levy action prior to remittance or where there was a dispute over the applicability of the defenses to a § 6332 claim. *See supra* p. 460–61. *See United States v. Donahue Indus., Inc.*, 905 F.2d 1325 (9th Cir.1990) (holding that bona fide dispute over whether bank actually possessed property belonging to taxpayer is reasonable cause); *Texas Commerce Bank–Fort Worth, N.A. v. United States*, 896 F.2d 152 (5th Cir.1990) (holding that reasonable cause exists where meritorious wrongful levy action is instituted prior to surrender of levied property); *Citizens & Southern*, 538 F.2d 1101 (bona fide dispute over whether deposit represents property is reasonable cause).

Excepting Defendant from the penalty provisions of the statute where it has neither raised a cognizable defense to the enforcement action or instituted a wrongful levy proceeding would undermine the effectiveness of the levy as a remedy. The levy provisions of the Internal Revenue Code contain broad grants of power with narrow exceptions in order to secure the efficiency and cost effectiveness of the levy as a tax collection device. *See generally Nat'l Bank of Commerce*, 472 U.S. at 720–23, 105 S.Ct. at 2924–25. If every dispute with the IRS over priority to property subject to a levy constituted reasonable cause, persons claiming priority would have no reason to surrender levied property until the government commences an enforcement action, rendering the penalty provision, in substantial part, nugatory. Such a result would destroy the levy's effectiveness as a provisional administrative remedy. *See Nat'l Bank of Commerce*, 472 U.S. at 721, 105 S.Ct. at 2924.

The justification for the imposition of a penalty in this case is strengthened in light of the clarity of the law with regard to the proper procedure in the event of a priority dispute. Controlling law in this Circuit and others unequivocally declines to recognize priority claims as a defense to a levy and makes an action for wrongful levy the exclusive mechanism for pursuit of such claims. *Trust Co. of Columbus*, 735 F.2d at 449–50; *Citizens & Southern*, 538 F.2d at 1106. *See Texas Commerce Bank–Fort Worth*, 896 F.2d at 157. Defendant has not raised a cognizable defense to a § 6332 action and has ignored the appropriate avenue for pursuit of its priority claims. As such, Defendant has not established reasonable cause for its failure to honor the levy.

Accordingly, upon due consideration,

(1) Defendant's motion for summary judgment (Doc. 18) is DENIED; and

(2) Plaintiff's motion for summary judgment (Doc. 12) is GRANTED and the Clerk is directed to enter judgment for Plaintiff in the amount of thirty-seven thousand seven hundred and fifty dollars and twenty-six cents ($37,750.26), representing the principal amount due under the levy, eighteen thousand eight hundred and seventy-five dollars and thirteen cents ($18,875.13), representing the penalty imposed pursuant to 26 U.S.C. § 6332(d)(2), plus interest at the rate prescribed by law, plus costs according to law.

IT IS SO ORDERED.